IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| *HERR INDUSTRIAL, INC.*, a corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: _____ |
| *CTI SYSTEMS, INC*, a corporation, | ) |
| SERVE: Bruce Krueger | ) |
|     c/o Andalaro Smith & Krueger, LLP | ) |
|     N19 W24400 Riverwood Drive | ) |
|     Suite 200 | ) |
|     Waukesha, WI 53188 | ) |
|   and | ) |
| | ) |
| *AGCO CORPORATION*, a corporation, | ) |
| SERVE: The Corporation Company, Inc. | ) |
|     112 SW 7th Street, Suite 3C | ) |
|     Topeka, KS 64603 | ) |
| | ) |
|   and | ) |
| | ) |
| *OLD REPUBLIC SURETY COMPANY*, a corporation, | ) |
| SERVE: 445 South Moreland Rd., Ste. 2200 | ) |
|     Brookfield, WI 53005 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Herr Industrial, Inc. ("Herr"), a corporation, for its causes of action against defendants states to the Court that:

### PARTIES, JURISDICTION AND VENUE

1.    Herr is now, and at all times hereinafter mentioned was, a corporation duly

5381839.2

organized and existing under the laws of the State of Pennsylvania, and has its principal place of business in that State.  Herr is qualified to transact business in the State of Kansas.

2. Defendant, CTI Systems, Inc. ("CTI"), is now, and at all times hereinafter mentioned was, a corporation duly organized and existing under the laws of the State of Wisconsin and maintains it principal place of business at 12, op der Sang, L-9779 Lentzweiler, Luxenbourg.

3. Defendant, AGCO Corporation ("AGCO"), is now, and at all times hereinafter mentioned was, a corporation duly organized and existing under the laws of the state of Delaware and maintains its principal place of business at 4205 River Green Parkway, Duluth, Georgia 30096.

4. Defendant, Old Republic Surety Company ("Old Republic"), is now, and at all times hereinafter mentioned was a Wisconsin stock insurance corporation and maintains its principal place of business at 445 South Moreland Road, Suite 200, Brookfield, WI 53005.

5. This action involves a controversy between citizens of different domestic and foreign states within the meaning of the term "citizens" in 28 U.S.C. § 1332 in an amount in excess of $75,000 exclusive of costs and interest, and jurisdiction therefore exists in this Court by reason of diversity of citizenship under 28 U.S.C. §1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and (3) in that a substantial part of the events or omissions giving rise to the present claims occurred in this judicial district.

## STATEMENT OF FACTS

7. The property that is the subject of this action is legally described as:

Tract 1: Lot One (1), Block D, Prairie Park Third Addition to the City of Hesston, Harvey County, Kansas.

5381839.2

Tract 2: That portion of Lots One (1), Two (2), Three (3) and Four (4), Block One (1), Dunkelberger Subdivision to the City of Hesston, Harvey County, Kansas, lying North of a line 90 feet South of the center line of Lincoln Avenue and parallel thereto.

Tract 3: That portion of Lots One (1), Two (2), Three (3) and Four (4), Block One (1), Dunkelberger Subdivision to the City of Hesston, Harvey County, Kansas, lying South of a line which is 90 feet South of the center line of Lincoln Avenue and parallel thereto.

Tract 4: Beginning at the Southwest Corner of the South Half (S/2) of the Northeast Quarter (NE/4) of Section Nine (9), Township Twenty-two (22) South, Range One (1) West of the 6th P.M., Harvey County, Kansas; thence North along the West line of said quarter section a distance of 560 feet; thence East 120 feet; thence South parallel with the West line of said quarter section a distance of 440 feet; thence East 855 feet; thence South 120 feet; thence West 975 feet to the place of beginning.

Tract 5: Lot One (1), Industrial Addition to the City of Hesston, Harvey County, Kansas.

Tract 6: Lots Five (5), Six (6) Thirteen (13) and Fourteen (14) , Industrial Subdivision, City of Hesston, Harvey County, Kansas.

Tract 7: Lots Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11) and Twelve (12), Industrial Subdivision, City of Hesston, Harvey County, Kansas, together with Lancaster Avenue between the East line of Lots Seven (7), Eight (8) and Nine (9) and the West line of Lots Ten (10), Eleven (11) and Twelve (12), all in Industrial Subdivision to the City of Hesston.

Tract 8: Lot One (1), Block One (1), Second Industrial Subdivision, City of Hesston, Harvey County, Kansas.

Tract 9: The Northwest Quarter (NW/4) of Section Nine (9), Township Twenty-two (22) South, Range One (1) West of the 6th P.M., Harvey County, Kansas, EXCEPT the South 75 feet thereof.

(collectively, the "Property").

8.      AGCO is the record owner of the Property.

9.      Prior to December 2011, CTI contracted with AGCO to build, supply and install a paint workshop on the Property.

3

5381839.2

10. On or about November 5, 2011, CTI contracted with Herr to supply, fabricate, install and erect certain goods and components, including but not limited to tanks with catwalks, mezzanines, stairs, piping, electrical wiring generator and additional equipment, according to technical specifications and to assist CTI during acceptance tests with the owner (the "Work").

11. The last Work related to the contract between CTI and Herr occurred on February 28, 2013, and all of the Work was used or entered into and became a part of the improvements to the Property, and constitute valuable and permanent improvements of and upon the above described real estate, whereby said real estate was greatly enhanced in value.

12. After allowing all just credits and setoffs, CTI, as a party to the contract between CTI and Herr, and AGCO, as the owner of the Property upon which the Work was performed, are justly indebted to Herr for the Work in the sum of $80,639.21, plus interest at the highest rate allowed by law, which is the reasonable value of the Work furnished by Herr for which it has not been paid and which sums remain due and owing to Herr.

13. On May 29, 2013, Herr filed a notice of extension in the office of the District Court of Harvey County, KS thereby extending the time in which to file its mechanic's lien. A copy of said notice of extension was duly mailed by Herr to CTI and to AGCO.

14. On July 29, 2013, Herr filed with the Clerk of the District Court of Harvey County, Kansas, a lien for labor, equipment, materials, and supplies, a true copy of which is attached hereto, marked "Exhibit 1", and by this reference made a part hereof as if more fully set out at length. A copy of said lien was duly mailed by plaintiff to CTI and to AGCO

15. Thereafter, CTI, as principal, and defendant Old Republic Surety Company, as surety, executed a bond in favor of Herr pursuant to K.S.A. §60-1110 in the amount of $121,000 purporting to render ineffective Herr's aforesaid mechanic's lien and substituting as security for

payment of the debt owed by CTI to Herr the aforesaid surety bond. A copy of said surety bond is attached hereto, marked as "Exhibit 2", and by this reference made a part hereof as if more fully set out at length. A copy of said lien statement was mailed or served personally upon AGCO and CTI.

16. While the bond posted by Herr and Old Republic was filed with the Clerk of the Harvey County District Court and approved by the Judge thereof, Herr is unsure whether the bond complies with K.S.A. §60-1110 because the language of the bond is in conflict with, and inconsistent with, the requirements of K.S.A. §60-1110, in that under Kansas law, in order to recover on the bond, Herr is only required to allege and prove that material or labor was supplied by Herr and was used in the improvement of the real property subject to Herr's lien, whereas, the language of the bond requires plaintiff to actually "recover in an action brought to enforce the aforesaid Lien."

17. Demand for payment of the amounts outstanding for the Work was heretofore made upon CTI, but no part thereof has been paid, leaving a principal balance due Herr of $80,639.21, plus all such interest as may be allowable under law.

## COUNT I
### (Breach of Contract)

18. Herr hereby incorporates by reference paragraphs 1 through 17 of its Complaint as if fully set forth herein

19. A valid contract exists between Herr and CTI for the supply and performance of the Work as described herein in exchange for payment from CTI.

20. Herr has fully performed the Work in accord with the terms and conditions of the contract between Herr and CTI.

21.     A balance of not less than $80,639.21 remains owing and due for the Work performed by Herr.

22.     Despite demand being made by Herr upon CTI, CTI has failed and refuses to pay Herr in full for the Work performed and provided by Herr.

23.     CTI's failure to remit payment in full to Herr for the Work performed and provided by Herr constitutes a material breach of the contract between Herr and CTI.

24.     CTI owes Herr the principal balance of $80,639.21 for the Work provided and performed by Herr.

25.     All relevant conditions precedent to establish CTI's obligation to pay Herr have been met or otherwise satisfied.

26.     As a direct result of CTI's breach of the contract between Herr and CTI, Herr has been damaged in the principal amount of $80,639.21, plus interest accruing at the applicable statutory rate.

WHEREFORE, on Count I, Herr respectfully requests this Court enter judgment for Herr and against CTI in the principal amount of $80,639.21, plus interest at the statutory rate, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT II
### (Quantum Meruit/Unjust Enrichment)

27.     Herr hereby incorporates by reference paragraphs 1 through 11 of its Complaint as if fully set forth herein.

28.     As an *alternative* to Count I of its Complaint, Herr states and alleges as follows in Paragraphs 28 – 37:

29.     On or about November 5, 2011, and at additional times thereafter, CTI requested that Herr furnish the Work as more fully described herein.

30. There was an implied promise on the part of CTI to pay Herr a reasonable sum for the value of the Work that Herr was asked to provide.

31. Herr provided the Work requested of it by CTI, which conferred a benefit on CTI.

32. CTI knew that Herr was providing the Work that it had requested from Herr, and CTI appreciated and retained the benefits of the same under circumstances where such acceptance or retention is not equitable without payment for its value.

33. The reasonable value of the Work furnished by Herr, which remains unpaid, is $80,639.21, plus interest at the statutory rate.

34. Herr has made numerous demands upon CTI for payment, but CTI has failed and refused, and continues to fail and refuse to respond or to make payment to Herr, as demanded and as it promised it would do.

35. Upon information and belief, CTI has been paid in whole or in part for the Work Herr performed.

36. It would be unjust to allow CTI to retain the benefits of the Work performed by Herr.

37. Therefore, CTI should be ordered to compensate Herr the reasonable value of the Work, which is $80,639.21, plus interest at the statutory rate.

WHEREFORE, on Count II, Herr respectfully requests this Court enter judgment for Herr and against CTI in the principal amount of $80,639.21, plus interest at the statutory rate, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT III
### Suit on Bond

38. Herr hereby incorporates by reference paragraphs 1 through 17 of its Complaint as if fully set forth herein.

39. Old Republic issued Bond No. RCT2134503 – Discharge of Lien Bond, naming Old Republic as surety and CTI Systems, S.A. as principal (the "Bond"), guaranteeing payment to Herr, identified in the Bond as the claimant, for not less than $80,639.21, the amount secured by the mechanic's lien described herein.

40. The Bond provides that the purpose for its execution is to free the Property from the effect of Herr's mechanic's lien.

41. To date, Herr has not been paid by Old Republic from the funds of the Bond.

42. Herr is the intended beneficiary of the Bond and is, therefore, entitled to receive from CTI and Old Republic, jointly and severally, all remaining balances owed, including the $80,639.21 principal amount remaining owing and due with respect to the Work performed by Herr, together with interest at the maximum legal rate, and all other damages and costs, including attorneys' fees and related expenses that Herr has incurred and will continue to incur in this action.

WHEREFORE, on Count III, Herr respectfully requests this Court enter judgment for Herr and against CTI in the principal amount of $80,639.21, plus interest at the statutory rate, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT IV
### Lien Foreclosure

43. Herr hereby incorporates by reference paragraphs 1 through 17 of its Complaint as if fully set forth herein.

44. AGCO is the record owner of the Property described herein.

45. Herr last performed its Work at the Property on February 28, 2013.

46. After allowing all just credits and setoffs, AGCO is justly indebted to Herr for the Work in the principal sum of $80,639.21, plus interest at the maximum statutory rate as

5381839.2

permitted by law.

47. Herr filed its Notice of Extension in the office of the District Court of Harvey County, Kansas.

48. Herr filed its Mechanic's Lien with the Clerk of the District Court of Harvey County, Kansas on July 29, 2013.

49. To date, AGCO has not provided payment in full to Herr and amounts due and owing remain unpaid.

50. Herr is therefore entitled to enforce its mechanic's lien by foreclosing the Property pursuant to K.S.A. §60-1105.

51. Upon foreclosure, AGCO or any person in possession of the Property shall be barred, estopped, and foreclose of any right, title, interest or estate therein as and against the purchaser at said sheriff's sale, except for the right of redemption, if any, as provided by law and order of this Court.

WHEREFORE, on Count IV, Herr request the Court enter judgment against AGCO in the principal sum of $80,639.21, together with interest at the maximum statutory rate permitted by law, for an Order foreclosing Herr's mechanic's lien against the Property, for an Order directing a sheriff's sale of the Property in the event that any money judgment rendered in favor of Herr is not satisfied forthwith, and for such other and further relief as the Court deems just and proper.

## COUNT V
### Kansas Fairness in Private Construction Contract Act

52. Herr hereby incorporates by reference paragraphs 1 through 17 of its Complaint as if fully set forth herein.

53. Pursuant to K.S.A. §16-1801 *et seq.*, CTI was required by law to make payments

to Herr in accord with the terms of their contract.

54. Despite demand for payment from Herr, CTI unreasonably refused and failed to make payments to Herr in accord with the terms of their contract.

55. At least thirty (30) business days have elapsed since Herr's requests for payment for its Work was received by CTI.

56. However, as required by K.S.A. § 16-1803, CTI has failed to pay Herr within thirty (30) business days for the Work provided pursuant to the terms of their contract.

57. Under K.S.A. § 16-1803, Herr is entitled to recover interest from CTI on the remaining principal amount owed ($80,639.21) at the rate of 18% per annum, until the debt is paid in full.

58. Further, under K.S.A. § 16-1806, Herr is entitled to recover its costs and reasonable attorneys' fees incurred in this action as a result of CTI's failure to promptly pay.

59. The rights and duties prescribed by K.S.A. § 16-1801 *et seq.* shall not be waivable or varied by the terms of the contract between CTI and Herr. To the extent any terms of the contract between CTI and Herr waive the fights and duties prescribed by K.S.A. § 16-1801 *et seq.*, all such terms shall be unenforceable.

WHEREFORE, on Count V, Herr respectfully requests this Court enter judgment for Herr and against CTI in the principal amount of $80,639.21, plus interest at the statutory rate of 18% per annum, costs, attorneys' fees, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b)(1), Herr demand trial by jury on any and all issues triable of right by a jury.

5381839.2

## DESIGNATION OF PLACE OF TRIAL

Herr hereby requests that trial be held in Wichita, Kansas.

        SANDBERG PHOENIX & von GONTARD P.C.

By: **s/Christopher J. Zarda**
Christopher J. Zarda, KS Bar #23659
7450 West 130th Street, Suite 140
Overland Park, Kansas 66213-2665
Telephone:     (913) 851-8484
Facsimile:     (913) 851-3737
Email:   czarda@sandbergphoenix.com
*Attorneys for Plaintiff*
*Herr Industrial, Inc.*